899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul D. BOUSHIE, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 89-3456.
 United States Court of Appeals, Federal Circuit.
 March 14, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and JOHN C. LIFLAND, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Paul D. Boushie appeals from the February 15, 1989 Initial Decision of the Administrative Judge (AJ) in Docket No. CH07528910028, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on August 31, 1989. We affirm.
 
 OPINION
 
 2
 Our review of the AJ's decision is limited to reviewing whether that decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c); Meyer v. Office of Personnel Management, 767 F.2d 868, 869-70 (Fed.Cir.1985). The AJ found that Boushie asked for his overtime to be projected, that Boushie did not, in fact, work overtime on May 5 and 6, and that Boushie recognized that he was paid for overtime on those days which he did not work. While Boushie meticulously points out in his Petition to the MSPB why he feels that each of these findings is incorrect, we are not convinced that these findings are unsupported by substantial evidence.
 
 
 3
 Failing to repay money which an employee knows was erroneously paid constitutes conversion of government funds to personal use. We agree with the AJ that this misconduct by an employee in Boushie's position is of sufficient severity that the penalty of dismissal is not "totally unwarranted in light of the relevant factors." DeWitt v. Department of the Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 4
 Finally, Boushie maintains that his dismissal was in retaliation for his exposing mismanagement and abuse of authority by Captain Thorpe. While Captain Thorpe may have started the investigation into Boushie's pay records by requesting the "audit," the investigation was in fact carried out by other personnel who were not implicated by Boushie's protected disclosures. Therefore, we agree with the AJ that there was no causal relationship between the protected disclosures and Boushie's dismissal.
 
 
 
 *
 Judge John C. Lifland of the District of New Jersey, sitting by designation